IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
EASTERN DIVISION

AF HOLDINGS LLC,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        Case No. 12 C 4244
                                    )
JOHN DOE,                           )
                                    )
                Defendant.          )

MEMORANDUM ORDER

AF Holdings LLC ("AF") has filed a copyright infringement action against an unidentified defendant (understandably designated as "John Doe") "whose name Plaintiff expects to ascertain during discovery." Although this Court recognizes the potential of a chicken-and-egg problem here – Complaint ¶ 4 states in part that "Plaintiff cannot ascertain Defendant's actual identity without limited expedited discovery") – it is not prepared to entertain an action in this anonymous form without a further showing by AF's counsel.

This is not a new problem. In another era (at least in technological terms) this Court among others was confronted with such "John Doe" actions brought by entertainment groups such as "REO Speedwagon, which anticipated the likelihood of knockoff artists attempting to capitalize on an entertainer's popularity by (for example) selling unauthorized t-shirts at upcoming gigs. This Court was one of those that refused to entertain such actions against anonymous defendants until an identified infringer came into the plaintiff's crosshairs.

It may be that the situation here is not parallel in that respect – this Court is not sufficiently aware of the technology involved to opine on that score. But it would at least seem that before the assertedly necessary discovery can proceed it must do so against a known target, and AF has not

explained why a pending lawsuit is essential to pursuing an inquiry to disclose the identity of the asserted infringer revealed by an Internet Protocol address.

This situation also appears to pose such possible problems as the potential for issuance of a subpoena reaching beyond the geographical boundaries within this Court's purview, or the potential for haling into court here a "John Doe" not subject to in personam jurisdiction in this district. Accordingly this action will not be entertained unless and until AF presents a showing in response to the issue identified here.[1] In the absence of a satisfactory filing in that respect on or before June 15, 2012, both the Complaint and this action will be dismissed (without prejudice, of course).


_____
Milton I. Shadur
Senior United States District Judge

Date: June 5, 2012

---

[1] To this Court's recollection, earlier lawsuits assigned to its calendar, presenting substantive claims identical to the current one, have named names. If so, some explanation must be provided as to why that is not feasible here.