**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AF HOLDINGS LLC, | CASE NO. 12 C 4244 |
| Plaintiff, | Judge: Hon. Milton I. Shadur |
| v. | |
| JOHN DOE, | |
| Defendant. | |

**INTRODUCTION**

On June 5, 2012, the Court entered an Order instructing Plaintiff to provide supplemental briefing on the propriety of bringing this action as a "John Doe" action. (ECF No. 7.) Specifically, the Court ordered Plaintiff to explain why John Doe is a known target, why this lawsuit is essential to pursuing an inquiry to disclose John Doe's identity and the potential for issuing a subpoena beyond the Court's purview or haling into court here a "John Doe" not subject personal jurisdiction in this district. (*Id.*) Plaintiff respectfully submits the following supplemental briefing.

**1. Why is John Doe a Known Target?**

The Court used the example of lawsuits from "another era" brought by entertainment groups, which anticipated the likelihood of individuals selling unauthorized t-shirts at upcoming gigs. (*Id.*) The key difference between the present lawsuit and the bygone lawsuits is that in this

lawsuit the misdeeds have already occurred. Plaintiff's monitoring software[1] observed John Doe unlawfully distributing its work via the BitTorrent file distribution protocol on March 14, 2012. (ECF No. 1.) Plaintiff knows John Doe, but only by his IP address. (i.e. the number that he was assigned by his Internet Service Provider). When presented with an IP address and a date and time, Internet Service Providers can identify the account holder associated with the IP address.

### 2. Why this Lawsuit is Essential to Pursuing an Inquiry to Disclose the Identity of the Alleged Infringer

ISPs are in exclusive possession of John Doe's identifying information. ISPs may disclose such information only when ordered to do so by a court. Cable Communications Policy Act of 1984, Pub. L. 98-549, § 2, 98 Stat. 2794 (codified as amended at 47 U.S.C. § 551 (2001)). § 551(c)(2)(B) (2001). Thus, the filing of an action is necessary to procure an order that will allow Plaintiff to ascertain John Doe's identity.

### 3. Subpoena Beyond the Court's Purview or Haling Into Court a John Doe not Subject to This Court's Jurisdiction

The Court's concern regarding issuing a subpoena beyond the Court's purview is addressed by the fact that John Doe's Internet Service Provider is subject to this Court's jurisdiction. Specifically, John Doe's Internet Service Provider is SBC Internet Services ("SBC"). SBC has a registered agent in Chicago, Illinois.

With respect to John Doe, the use of a technology called geolocation places Movant in Chicago, Illinois. Although geolocation is not a litmus test for personal jurisdiction, its use for the purpose of preliminary screening has been championed even by pro-piracy groups. *See* Decl. of Seth Schoen ¶¶ 2, 4, 15–22, *OpenMind Solutions, Inc. v. Does 1–1,295*, No. 3:11-cv-00092-

---

[1] A technical paper describing the technology used to monitor BitTorrent infringements can be found at the following site: http://cseweb.ucsd.edu/~dlmccoy/papers/bauer-wifs09.pdf (last visited June 13, 2012).

GPM-SCW (S.D. Ill. Mar. 22, 2011), ECF No. 15-2. Use of the exact same geolocation technology described in Mr. Schoen's declaration predicted the physical location of the Doe Defendant associated with IP address 99.24.201.252 to be Chicago, Illinois. *See What Is My IP Address?*, http://www.whatismyipaddress.com (delete the current IP address entered into the text entry box; enter "99.24.201.252" in text entry box; then click "Additional IP Details" button) (last visited June 15, 2012). Physical presence establishes personal jurisdiction. *E.g.*, *Burnham v. Superior Court of Cal., Cnty. of Marin*, 495 U.S. 604, 619 (1990) ("The short of the matter is that jurisdiction based on physical presence alone constitutes due process . . . .").

## Conclusion

The reason why this action was brought as a John Doe action is because Plaintiff does not currently know John Doe's identity. A limited scope subpoena issued to John Doe's Internet Service Provider will allow Plaintiff to ascertain John Doe's identity and amend its complaint to name him.

Respectfully submitted,

AF HOLDINGS LLC

DATED: June 15, 2012

By: /s/ Paul Duffy
Paul Duffy (Bar No. 6210496)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*